<div style="margin-right:right">
Jennings
*v.*
Commonwealth
</div>

---

## JEDUTHUN BLISS et al. versus GIDEON LEE et al.

Where one named as executor, paid a debt in full before probate of the will, under an erroneous belief that the estate was solvent, and afterwards took out letters testamentary, it was *held* that he was entitled to recover back the difference between the sum thus paid and the sum allowed by the judge of probate on the report of commissioners of insolvency.

Where such debt was created in another State, in which the creditor lived, and the funds for payment were remitted to him by such executor from this State, it was *held* that nevertheless the case was to be governed by the laws of this State.

ASSUMPSIT to recover back money paid by mistake. On a case stated it· appeared, that one Pelatiah Bliss, of this State, was indebted to the defendants, merchants in New York, in the sum of 500 dollars, for a draft drawn on them in New

Bliss
v.
Lee

York, and there accepted and paid. Pelatiah died on October 29, 1828. On the next day the plaintiffs forwarded to the defendants a quantity of leather, to sell on commission and apply the proceeds to the payment of the draft. The leather was received by the defendants in New York, and it paid the draft in full. The plaintiffs were appointed executors of Pelatiah's will, and on January 1, 1829, they proved it in the Court of Probate. They afterwards represented the estate insolvent, and commissioners of insolvency were appointed, before whom the plaintiffs presented the abovementioned debt of the defendants as paid by the plaintiffs, and the commissioners reported and the judge of probate ordered to be paid thereon a dividend of $380·19. The deficiency of assets was notified to the defendants, and the amount paid beyond the dividend, was demanded of them by the plaintiffs before commencing this action. If the plaintiffs were entitled to recover the difference between the sum paid by the plaintiffs, and the sum allowed by the commissioners, the defendants were to be defaulted ; otherwise the plaintiffs were to be nonsuit.

*Sept. 25th.* *Bates* and *Dewey*, for the plaintiffs, relied on *Walker* v *Hill*, 17 Mass. R. 380, and *Walker* v. *Bradley*, 3 Pick. 261.

*Forbes* and *Rising*, *contra*, took the distinction, that in the cases cited the payment was made by an administrator duly appointed, but here it was made by an executor *de son tort* The subsequent probate of the will does not relate back so as to give validity to an act like this. 2 Stark. Ev. 554 ; *Cottle* v. *Aldrich*, 1 Stark. R. 37 ; *Toller*, (4th edit.) 244 ; *Whitehall* v. *Squire*, 1 Salk. 295 ; *S. C.* Carth. 103 ; *S. C.* Holt, 45.

The draft was drawn, accepted and paid in New York, and the payment to the defendants was made there. The law of New York, therefore, (by which it is contended the payment would bind the plaintiffs,) is to govern the case. Story on Conflict of Laws, 233.

*Dewey*, in reply, cited as to the authority of an executor before probate of the will, and as to the effect of a probate, by relation, 11 Viner, 203, *Executors*, (*A. a.*) ; Bac. Abr. *Executors*, &c., *E*, 14 ; *Parten and Baseden's case*, 1 Mod. 213 *Vaughan* v. *Browne*, 2 Str. 1106 ; *Curtis* v. *Vernon*, 3 T. R

587 ; 2 Wms's Saund. 265, note 2 ; 8 Johns. 126 ; *Shilla-ber* v. *Wyman*, 15 Mass. R. 322.

The *Court* were of opinion, that as the payment was made by the plaintiffs under the belief that the estate of the testator was solvent, the case came within the principle of *Walker* v. *Hill* and *Walker* v. *Bradley*, and that there was an implied promise on the part of the defendants to refund the difference between the sum paid and the amount allowed by the Probate Court ; and it was also resolved, that the case was to be governed by the laws of this State.

*Defendants defaulted.*